**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| R. JULKA, R.J. (Minor, Son) and A.J. (Minor, Son), <br><br> Plaintiff, <br><br> v. <br><br> BUTLER ILLINOIS SCHOOL DISTRICT 53, THE BOARD OF EDUCATION FOR BUTLER ILLINOIS SCHOOL DISTRICT 53, HEIDI WENNSTROM (in her personal and official capacity), KELLY VOLIVA (in her personal and official capacity), ALAN HANZLIK (in his personal and official capacity), ALAN KUMAR (in his official capacity), LIZ CHUN (in her official capacity), LOU PASKALIDES (in his official capacity), RAJIV ADVANI (in his official capacity), TODD RUSTENBERG (in his official capacity), HITESH PATEL (in his official capacity), LIBBY MASSEY, CAROLINE ROSELLI, and ATTORNEY DOE, <br><br> Defendants. | Case No. 17-cv-02849 <br><br> Judge: Matthew F. Kennelly <br><br> Magistrate Judge: Susan E. Cox |

**DEFENDANT MASSEY AND ROSELLI'S
MOTION TO DISMISS PRO SE COMPLAINT**

Defendants, Libby Massey ("Massey") and Caroline Roselli ("Roselli"), by their attorneys, Matthew R. Henderson and Katherine G. Schnake of Hinshaw & Culbertson LLP, move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' Pro Se Complaint against Massey and Roselli, and in support thereof, state as follows:

**INTRODUCTION**

Plaintiffs filed the instant Complaint against numerous Defendants when R. Julka's sons, Plaintiffs R.J and A.J., were barred from participating in academic contests at Butler School District #35 ("the District"). The Complaint is attached as Exhibit A. The sanction was imposed after the District discovered that Plaintiffs R.J.'s and A.J.'s "biological mother" created a fraudulent homeschool account with the National GeoBee ("GeoBee") with the intent to obtain

131750964v1 0994152

the actual GeoBee Contest questions to prepare her children, Plaintiffs R.J. and A.J. for the 2016 contest at Brook Forest Elementary School.

At the time of the events outlined in the Complaint, Massey and Roselli were two private attorneys employed by the Robbins Schwartz law firm. Massey was retained by the District to perform an investigation into Plaintiffs R.J.'s and A.J.'s academic dishonesty, as well as their "biological mother's" creation of a fraudulent homeschool account, and Roselli was retained by the District for legal advice on various matters as requested. The Complaint is rambling and incoherent, and it is nearly impossible to decipher which count is directed at which Defendant. Notwithstanding the clear violation of Rule 8 of the Federal Rules of Civil Procedure, it appears that Plaintiffs have asserted § 1983 claims against Massey and Roselli arising out of the academic investigation and subsequent discipline of Plaintiffs R.J. and A.J.

Plaintiffs claim all the Defendants violated the "5th and 14th Amendments, re: Plaintiffs' Federal and State Due Process rights". (Ex. A, ¶41). Specifically, Plaintiffs do not believe they were afforded an opportunity to "explain or defend the events from Plaintiffs' side" (Ex. A ¶41(a)) under the terms of the Butler School District's Uniform Grievance Procedure ("UGP"). A copy of the School Board's Uniform Grievance Procedure is attached as Exhibit B.[1] Plaintiffs also claim Massey and Roselli violated the 8th Amendment, which provides protection from cruel and unusual punishment, the 6th Amendment, which provides a right to an impartial jury, and the 5th Amendment, which protects a person's right against self-incrimination. (Ex. A, ¶¶42-44). Plaintiffs believe they are entitled to $50 million[2] as a result of these purported constitutional violations.

---

[1] The School Board's Uniform Grievance Procedure was Exhibit 20 to Plaintiffs' Complaint. (Dkt. #1).
[2] Notably, the Plaintiffs admitted in an interview with the Chicago Tribune that their request for $50 million dollars was only made to garner attention. http://www.chicagotribune.com/suburbs/oak-brook/news/ct-dob-butler-53-lawsuit-tl-0427f-20170419-story.html.

Plaintiffs' Complaint is fatally flawed in many respects. First, Plaintiffs' allegations against Roselli and Massey arise from purported state law violations. As such, those alleged violations cannot form the basis of federal constitutional violations. Second, Roselli and Massey did not act under color of law as a matter of law. Third, Plaintiffs' Due Process rights were not violated as they presented their version of events to Massey, the School Board and the District on multiple occasions. Fourth, Roselli and Massey are immune from liability through the doctrine of Qualified Immunity. Fifth, Plaintiff R. Julka cannot assert any of these claims on behalf of himself because he did not personally suffer an injury from a constitutional violation. Sixth, as agents of the District, Roselli and Massey cannot act as part of a conspiracy. Finally, Plaintiffs' purported claim for legal malpractice borders on the frivolous.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must assert a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of a motion to dismiss is to test the sufficiency of a complaint, and all well-pleaded factual allegations should be accepted as true. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). A complaint must contain sufficient factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are not required, labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

In order to establish a violation of § 1983, a plaintiff must plead and prove that: (1) he had a constitutionally protected right; (2) he was deprived of this right in violation of the Constitution; (3) the defendants intentionally caused such deprivation; and (4) the defendants

3

acted under color of state law. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993). Simply put, in order to prevail on a § 1983 claim, Plaintiff must establish that there was a constitutional violation which was committed by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, to recovery compensatory (as opposed to nominal) damages in a § 1983 action, the plaintiff must not only prove that a constitutional violation occurred, but also that the plaintiff suffered actual, compensable harm as a result. *Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 308 (1986) (holding in context of prisoner's suit which does not seek to invalidate criminal conviction, compensable damages cannot include "injury" of being convicted and imprisoned, unless that conviction has been overturned.)

## ARGUMENT

**I.     State Law Violations are Not Constitutional Violations for Purposes of § 1983 Claims.**

A § 1983 claim depends upon the existence of a violation of a constitutional right, so the threshold inquiry is whether the Plaintiff can demonstrate that the defendant somehow deprived Plaintiff of a constitutional right. *Graham v. Connor*, 490 U.S. 386, 393 (1989) (§ 1983 itself is not a source of substantive rights). Here, Plaintiffs' claim their 5th, 6th, 8th and 14th Amendment rights were violated. None of these claims have been properly pled and there are no facts that could be pled that would give rise of a federal constitutional violation. As such, only purported violations of *state* law, not federal constitutional rights, remain which is insufficient to state a § 1983 claim.

**A.     Plaintiffs' Due Process rights were not violated.**

Plaintiffs allege that under the UGP, complaint managers, who are not employees of the School District, are supposed to provide assistance to the complainants in formulating their grievance and appoint a person to be an "independent and impartial" fact investigator for the

4

131764214v1 0994152

School District and School Board. (Ex. A, ¶8). Plaintiffs claim Massey should not have assumed the task as Complaint Manager and violated her obligation to act as an "independent and impartial" Complaint Manager because she worked at the same law firm as Roselli, who provided legal advice to the District on various matters as requested.

It appears that Plaintiffs' Due Process allegations against Massey and Roselli are based on an imputed conflict of interest. However, the UGP does not require a fact investigator or a resolution manager to be "independent and impartial." (Ex. B, p. 1). The UGP makes no reference whatsoever to an "independent and impartial" fact investigator or an "independent and impartial" resolution manager. The allegations that Massey was not independent or impartial, taken as true for purposes of this motion only, cannot possibly serve as a Due Process violation because the UGP did not impose such requirements. As such, there has been no Due Process violation as a matter of law.

### B. The Fifth Amendment is not applicable.

Plaintiffs allege that their right against self-incrimination was violated when Defendant Wennstrom and Defendant Voliva "interrogated" Plaintiffs R.J. and A.J. (Ex. A, ¶44(a)). However, the privilege against compelled self-incrimination only protects the individuals being involuntarily called as a witness against himself or herself where the answers might incriminate him or her in future criminal proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Here, the District's interview of two elementary school children to determine whether they engaged in academic dishonesty is not criminal in nature, nor could it lead to a criminal proceeding. As such, the Fifth Amendment is not applicable. Moreover, neither Massey nor Roselli participated in the interviews of the children and could not possibly be involved in a Fifth Amendment violation. Any claims against Massey and Roselli for Fifth Amendment violations should be dismissed.

5

### C. The Sixth Amendment is not applicable.

Plaintiffs claim their right to a fair trial and right to counsel for their defense was violated. (Ex. A, ¶43). However, the rights secured by the Sixth Amendment relates to the prosecution of an accused person which is criminal in nature. *U.S. v. Marion,* 404 U.S. 307, 313 (1971). Again, the investigation into whether the Plaintiffs engaged in academic dishonesty does not qualify as a criminal investigation and the Sixth Amendment cannot be applied to this case.

Additionally, the UPG in effect at the time of the underlying investigation expressly stated that "[t]his grievance procedure shall not be construed to create an independent right to a School Board hearing." (Ex. C, p. 2) The UPG, which Plaintiffs initiated, did not provide for the "right to an impartial jury." Moreover, Plaintiffs concede in their Complaint that they retained attorney Christopher Stull to represent the interests of Plaintiffs R.J. and A.J. (Ex. A, ¶31). To claim that they were prevented from retaining counsel is demonstratively false in light of their own allegations. Plaintiffs have not and cannot state a claim for a 6th Amendment violation.

### D. The Eighth Amendment is not applicable.

Plaintiffs allege their right to protection from cruel and unusual punishment was violated because of the sanction imposed on Plaintiffs R.J. and A.J. (Ex. A, ¶42). However, the cruel and unusual punishment clause of Eighth Amendment applies only in criminal actions following a conviction. *Whitley v. Albers,* 475 U.S. 312, 318 (1986). Suspending a child from academic curricular activities is not even in the same realm as a criminal action. As such, Plaintiffs cannot state a claim for an Eighth Amendment violation.

### E. The remaining state law claims are insufficient to state a § 1983 claim.

The only remaining allegations, taken as true, are potential violations of *state* law, not federal constitutional rights. The alleged violates of state law claims are insufficient to state a § 1983. The Seventh Circuit, based on an unbroken line of Supreme Court precedent, expressly

rejected a similar claim in which a plaintiff argued a Defendant's alleged violation of a state law gave rise to a constitutional violation. In *Archie v. City of Racine*, 847 F.2d 1211, 1216–17 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1065 (1989), the court stated:

> [a] state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules. Indeed, 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.'

*Id.* at 1217. All of the allegations against Roselli and Massey are for purported state law violations. As such, there has been no conceivable constitutional violation and liability under § 1983 cannot be triggered.

## II. Roselli and Massey did Not Act "Under Color of Law."

At the time of the underlying investigation, Roselli and Massey were two private attorneys employed by the Robbins Schwartz law firm. Section 1983 is not intended to regulate private conduct or to provide a cause of action against a "private actor." Instead, a § 1983 plaintiff must show that his or her constitutional injury was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An act is committed under color of state law when it is "made possible only because the wrongdoer is clothed with the authority of state law." *Munoz v. Chicago School Reform Bd. of Bd. of Trustees*, 2000 WL 152138, *12-13 (*citing Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989)).

It is well established that "lawyers do not act under color of law merely by representing their clients." *Hefley v. Bruch*, 276 Fed. Appx. 506, 507 (7th Cir.2008). Here, neither Roselli nor Massey were acting under color of law given their respective roles in the underlying investigation. Roselli was retained by the District to advise the Superintendent during her initial investigation into A's academic dishonesty and assisted the Superintendent in drafting the

7

summary of her findings. Roselli was not involved in the grievance investigation. A private attorney advising a client is not an action "under color of law" regardless of whether the client is a government entity or quasi-municipal entity organized by state legislatures such as the District.

Massey was appointed by the District to conduct the investigation on Defendant Hanzlik's behalf per the District's Uniform Grievance Procedure. (Ex. A, ¶¶24, 27). Her sole role as an attorney in this case was to investigate the grievance filed by the Julkas, draft a report outlining her recommendations and findings, and provide such recommendations and findings to the Board of Education, who would subsequently review the investigation report and make a determination on whether to uphold the prior findings of the Superintendent. Conducting an investigation pursuant to a client's instruction is not "acting under color of law."

Both Roselli and Massey undertook their respective roles in the underlying case through their private law practice, and there is no allegation that either one was a government employee. Although retained by the School District, the relationship between Roselli, Massey and the District was identical to that of any other lawyer and client. Neither of these roles can reasonably be described as "acting under color of law" as required by § 1983. As such, the claims against Roselli and Massey should be dismissed.

### III. Plaintiff did not Suffer Due Process Violations as a Matter of Law.

The allegations in Plaintiff's complaint establish that Plaintiffs received ample procedural due process. On February 8, 2016, Plaintiff Julka and the "biological mother" were given notice of the District's intent to suspend Plaintiffs R.J. and A.J. from future academic contests. (Ex. A, ¶¶19, 22(e)). In response, Plaintiff Julka and the "biological mother" of Plaintiffs R.J. and A.J. commented in writing and gave her versions of the facts on multiple occasions. Such an opportunity is sufficient due process and Plaintiffs cannot claim a constitutional violation as a matter of law.

Due process requires notice and an opportunity to respond. People "must be given some kind of notice and afforded some kind of hearing". *Goss v. Lopez*, 419 U.S. 565, 579, (1975). *See also Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985); Henry J. Friendly, "Some Kind of Hearing," 123 U. Pa. L.Rev. 1267 (1975). Often an opportunity to comment in writing is all the hearing that is required. In fact, that is all the Due Process most litigants in federal court receive. Only a small percentage of civil suits reach a trial and are not necessary unless material facts are in dispute. The following hypothetical illustrates this point: should this Court grant the pending motions to dismiss in this case and the case is dismissed in its entirety with prejudice, surely the Plaintiffs could not allege that their Due Process rights had been violated simply because their case did not proceed to trial.

Plaintiffs reference their opportunities and decision to comment in writing and in person on multiple occasions in their Complaint:

- On January 19, 2016, Defendants Wennstrom and Defendant Voliva met with the "biological mother" and asked about the events that occurred and she explained her version of events as it related to the email used to upload the additional GeoBee materials (Ex. A, ¶16);
- On February 16, 2016, Plaintiff Julka emailed Defendant Hanzlik regarding Defendant Wennstrom's investigation and findings, and pointed out what he considered to be inconsistencies and inaccuracies in the investigation. (Ex. A, ¶26);
- On March 7, 2016, during the investigation, Plaintiff Julka and the "biological mother" participated in an interview with Defendants Roselli, Wennstrom and Voliva at the school in an effort to resolve the grievance. The meeting purportedly lasted "several hours" and resulted in an offer from the District to reduce the suspension imposed against Plaintiffs R.J. and A.J. (Ex. A, ¶27); and
- On March 9, 2016, Plaintiffs sent a letter to Defendant Hanzlik regarding several concerns that arose for Plaintiff and the "biological mother" during the resolution meeting. (Ex. A, ¶28).

The letters sent by Plaintiff Julka and the "biological mother" as well as the resolution meeting and investigatory interviews establish that Plaintiffs were afforded an opportunity to present their

131764214v1 0994152

version of events and took advantage of those opportunities. Disagreeing with the results does not constitute a Due Process violation.

Moreover, the Uniform Grievance Procedure does not create a right to a hearing before the School Board. The UGP specifically states,

> [t]his grievance procedure shall not be construed to create an independent right to a hearing before the Superintendent or Board.

(Ex. B, p. 2). Based on the plain language of the UGP, the Julka's letters to the District and the meetings and interviews in which the Julka's presented their side of the facts, Plaintiffs' Due Process Rights were not violated as a matter of law.

**IV. Alternatively, Roselli and Massey are Entitled to Qualified Immunity.**

In the alternative, should this Court determine that Roselli and Massey somehow acted under color of law, then they are entitled to Qualified Immunity. Qualified Immunity applies to governmental entities performing discretionary functions and shields them from "liability for civil damages, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 475 U.S. 800, 818 (1982); *see also Filarsky v. Delia,* 566 U.S. 377 (2012). It is not just a defense to liability; rather, it is immunity from the lawsuit. The protection provided by Qualified Immunity applies regardless of whether the governmental official's error is considered a "mistake of fact" or "mistake of law." *Id.*

When Qualified Immunity is raised, a two-part inquiry is triggered. The first inquiry addresses whether a Plaintiff's complaint states a constitutional violation. The second examines whether the constitutional right was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009). The sequence of those two inquiries is left to a court's "sound discretion." *Id.* If the answer to either inquiry is in the negative, the defendant is entitled to qualified immunity. *Zorzi v. County of Putnam*, 30 F.3d 885, 892 (7th Cir. 1994).

10

Neither prong has been satisfied in this case. As indicated above, all the allegations aimed at Roselli and Massey were for state law violations and, therefore, the complaint does not state a constitutional violation. Additionally, Plaintiffs have not established that Plaintiffs R.J.'s and A.J.'s constitutional rights were "clearly established" at the time.

Qualified Immunity has been extended to protect lawyers and law firms retained by government entities. Governments frequently retain private attorneys for the effective and efficient performance of core government functions. In fact, for smaller entities, such as the District, it is the only practical way to obtain needed legal advice. In light of that reality, the Supreme Court has prohibited § 1983 actions against private lawyers arising out of circumstances similar to what occurred in this case.

In *Filarsky v. Delia,* 566 U.S. 377 (2012), Delia, a firefighter employed by the City of Rialto, California, missed work after becoming ill on the job. Suspicious of Delia's extended absence, the City hired a private investigation firm to conduct surveillance on him. When Delia was seen buying fiberglass insulation and other building supplies, the City initiated an internal affairs investigation. It hired Filarsky, a private attorney, to interview Delia. To verify Delia's claim, Filarsky asked Delia to allow a fire department official to enter his home and view the building materials to see whether or not they had been used. When Delia refused, Filarsky ordered him to bring the materials out of his home for the official to examine. After the interview concluded, officials followed Delia to his home, where he produced the materials.

Delia subsequently brought an action under 42 U.S.C. § 1983 against the City, the Fire Department, Filarsky, and other individuals. The District Court entered summary judgment on the basis of Qualified Immunity, and the Ninth Circuit Court of Appeals affirmed. The Supreme Court ruled that a private individual temporarily retained by the government to carry out its work is entitled to qualified immunity from suit under § 1983. *Filarsky* 566 U.S. at 390. In affording

immunity not only to public employees but also to private attorneys retained by the City, the Supreme Court noted that its decision served to "ensure that talented candidates [are] not deterred by the threat of damages suits from entering public service." *Id.* at 390, citing *Richardson* 408 v. McKnight, 521 U.S. 390, 408 (1997).

The same result is warranted in this case. The School Board retained Roselli and Massey for their expertise in school law, student rights and student discipline. Much like the attorney in *Filarsky,* Ms. Massey was directed to conduct an investigation into Plaintiffs R.J.'s and A.J.'s academic dishonesty. Their role was entirely discretionary and the School Board was entitled to retain a private attorney to efficiently and effectively investigate the grievance filed by the Julkas. Consistent with the Supreme Court's ruling in *Filarsky,* Roselli and Massey are therefore entitled to protection afforded by the doctrine of Qualified Immunity.

V.  **Constitutional Rights are Personal and Cannot be Vicariously Asserted.**

Plaintiffs do not allege that Plaintiff Julka has suffered any constitutional violation. The right to bring a § 1983 claim is personal in nature and does not accrue to a relative or parent. *See Russ v. Watts*, 414 F.3d 783, 790 (7th Cir. 2005); *Estate of Johnson by Castle v. Libertyville*, 819 F.2d 174, 178 (7th Cir. 1987) (both holding that parents cannot recover for constitutional injuries inflicted on their children and only for constitutional injuries that they themselves suffered). To the extent that the instant case is brought by anyone other than Plaintiffs R.J. and A.J., the case should be dismissed against those Plaintiffs.

VI. **As agents, Roselli and Massey cannot be part of a Civil Conspiracy.**

Without actually pleading a cause of action for civil conspiracy, Plaintiffs conclusory allege they sustained damages as a result of "educators' and attorneys' malpractice with conspiracy." (Ex. A, ¶3(h)). No facts have been pled, however, (and none exist) that would entitle Plaintiffs to relief against Massey and Roselli for conspiracy.

The elements of a civil conspiracy claim are: (1) an agreement between two or more persons; (2) to participate in either an unlawful act or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties; and (4) an overt act done pursuant to and in furtherance of the common scheme. *Canel and Hale, Ltd. v. Tobin,* 304 Ill. App. 3d 906, 920 (1st Dist. 1999). The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss. *Id.*

Even if Plaintiffs had pled facts that would establish a conspiracy claim, agency law would preclude a civil conspiracy claim against Massey and Roselli. Lawyers are agents of their clients. Acts of an agent are considered acts of its principal, thus there can be no conspiracy between an agent and principal. *Edelman, Combs and Latturner v. Hinshaw and Culbertson*, 338 Ill.App.3d 156, 168 (1st Dist. 2003). Therefore, regardless of what allegations Plaintiffs make, a civil conspiracy claim can never be legally sufficient against a law firm acting as an agent for its client. It follows that any allegations of Massey's or Roselli's participation in a conspiracy should be dismissed.

**VII. Plaintiffs Cannot Bring a Claim for Legal Malpractice Against Massey and Roselli.**

As cited above, Plaintiff claim they sustained damages as a result of "educators' and attorneys' malpractice with conspiracy." (Ex. A, ¶3(h)). To the extent that Plaintiffs claim legal malpractice, this claim also fails because Massey and Roselli never represented Plaintiffs. A central tenet to a claim for legal malpractice is the existence of an attorney-client relationship. *Bay Group Health Care, LLC v. Ginsberg Jacobs, LLC*, 2017 WL 770984, *3 (N.D. Ill. 2017). The general rule is that an attorney is liable only to his client, not to third person, unless the "primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." *Pelham v. Grieshemer*, 92 Ill. 2d 13, 19 (1982); *In re Estate of Powell*, 2014 IL 115997, ¶ 13.

13

Plaintiffs have not alleged, nor can they allege any set of facts that would create an attorney-client relationship between Massey and Roselli and the Julkas. Plaintiffs' claim for legal malpractice is patently frivolous and should be dismissed.

WHEREFORE, the Defendants, Caroline Roselli and Libby Massey, pray that this Honorable Court grant their Motion to Dismiss Plaintiffs' Complaint and for such further relief that is equitable and just.

                Respectfully submitted,

                HINSHAW & CULBERTSON LLP

                /s/ Matthew R. Henderson
                Matthew R. Henderson

Matthew R. Henderson
mhenderson@hinshawlaw.com
Katherine G. Schnake
kschnake@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2017, I electronically filed this Notice and the above referenced document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record:

                                                s/Matthew Henderson
                                                Matthew Henderson
                                                Attorney for Certain Defendants
                                                HINSHAW & CULBERTSON LLP
                                                222 North LaSalle, Suite 300
                                                Chicago, IL 60601-1081
                                                tel 312-704-3000
                                                fax 312-704-3001
                                                mhenderson@hinshawlaw.com

131764214v1 0994152