**Law Office of Christopher J. Stull**
29W204 Roosevelt Road
West Chicago, IL 60185

April 26, 2016

Robbins Schwartz
55 W. Monroe St. Suite 800
Chicago, Illinois 60603-5144

Dear Ms. Roselli,

It is my understanding that a decision was made by the School Board in the Julka matter almost 2 weeks ago, and the parents sent me a copy of a letter they received dated April 15, 2016. I have not received a copy of the written decision of the School Board on the grievance filed by the parents. As the attorney for the children who represented them in the administrative hearing process, I would like to have a copy of the determination. I requested a copy from Libby Massey on Monday, April 25, 2016 but I have not received a copy or a response.

Generally, a party seeking to file an action for Judicial Review must do so with 35 days of the date of the administrative decision. As my office serves as counsel for the Julka children, I should have been provided with a copy of the decision, as the 35-day filing period for a complaint seeking Judicial Review will expire on May 20, 2016.

From my review of the Butler District 53 Policy, Chapter 1, Section 1400, Uniform Grievance Procedure, there is no provision for any administrative remedy after the School Board issues a decision on an appeal for the Superintendent's initial decision. It is my understanding that the School Board has in fact issued a ruling on the appeal filed by the parents to Heidi Wennstrom's initial decision dated February 8, 2016.

It appears that my clients have exhausted their available administrative remedies. If you are aware of another policy provision that provides for any kind of additional administrative remedy outside of this specific section, kindly so advise us so we can begin such a remedial process. Your office will be receiving from my office a formal written response to the Board's decision once we have a copy to review that will be requesting a new hearing before the Board.

On April 7, 2016 Libby Massey sent me an email informing me that you would be contacting me regarding my request that the Julka children not be interviewed, questioned, or otherwise communicated with directly regarding this matter without my being present. As your firm represents District 53 and has for at least the past several years, I presume such notification should be sent to your firm. I have previously done so on my letter to your firm as the attorneys for District 53 dated April 6, 2016.

Phone: 630.293.6659  •  Fax: 630.293.2970  •  email: christopher.stull@comcast.net

I received several messages this afternoon regarding an incident at the school involving Rohan Julka. I have been informed a teacher allegedly physically struck Rohan Julka.

A police report has been made, and I will again be representing Rohan and Aarav Julka in this matter. I have requested a complete written version of what occurred from my client and his parents, and statements of witnesses are being gathered. I have directed my clients to cooperate fully with the Oak Brook Police Department.

Please accept this message as further notice to you and your client that my office represents of Rohan and Aarav Julka in any and all matters pertaining to allegations of academic dishonesty; and as counsel for both children in any and all cases where one or both of the children are the alleged victims of any physical assault or battery. Accordingly, your client is placed on notice that they are forbidden from questioning, interrogating, or discussing any such matter with either child in any way without the express written authorization and permission of my office.

Thank you, and I will accept a copy of the School Board's decision as an email attachment. I will verify with your office the date on which I was provided a copy of the decision. If you have any questions, please feel free to contact me.

Regards,

CHRISTOPHER J. STULL
COUNSEL FOR ROHAN & AARAV JULKA, MINOR CHILDREN