IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.J. and R.J., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 17 C 2849 |
| ) | |
| BUTLER SCH. DIST. 53, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFFS' MOTION IN LIMINE NUMBER 5

In their fifth motion in limine, plaintiffs moved to bar testimony by 23 witnesses listed by defendants in the final pretrial order on the ground that defendants had not disclosed them as required by Rule 26(a)(1). In response, defendants withdrew all but 4 of the witnesses: Liz Chun, Alan Kumar, Amy Read, and Jen Traub. They "concede[d] these witnesses were not disclosed in their Rule 26 disclosures" but said that the nondisclosure was harmless. Defs.' Resps. to Pls.' Mots. In Limine at 6-7. In this regard, defendants cited, among other things, the fact that plaintiffs had identified Chun and Kumar in their own Rule 26 disclosures and that Vandana Badlani, another defendant who was dismissed on summary judgment, had identified Chun, Kumar, Read, and Traub in her Rule 26 disclosures.

Rule 26(a)(1) requires a party to disclose the identity "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party's nondisclosure of a witness whose disclosure is required by Rule 26(a) precludes the party from using the witness to testify at trial, unless the nondisclosure was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1).

Plaintiffs' listing of Chun and Kumar does not justify defendants' failure to identify them (defendants do not argue otherwise), nor does it render defendants' nondisclosure harmless. Parties have to make judgments about which witnesses to depose during

pretrial discovery—whether for cost reasons or due to the limitations imposed by Fed. R. Civ. P. 30(a)(2)(A)—and they typically do not depose their own witnesses.  A key element missing here, due to defendants' failure to identify these witnesses under Rule 26(a), was the subjects on which *they* intended to use them at trial.  That is information that plaintiffs legitimately required in order to prepare adequately, including making a decision on whether to depose the witnesses.

Former defendant Badlani's disclosure of these witnesses likewise does not render defendants' nondisclosure of them harmless.  Among the <u>60 or so</u> potential witnesses disclosed by Badlani, she included the following information:

- "Amy Read is believed to have information relating to the investigation in connection with the 2016 Geography Bee.  Address unknown."
- "Jennifer Traub was the teacher that received Plaintiffs' withdrawal from the National Geography Bee.  Defendant believes Ms. Traub may have information pertinent to the investigation or the allegations in the Complaint.  Address unknown."
- "Liz Chun.  Address unknown."  "Alan Kumar.  Address unknown."  Badlani said generally with regard to several Board members, including Chun and Kumar, that they "were members of the Board during the relevant period and may have information pertinent to the investigation or may be privy to comments made by Plaintiffs regarding their conduct in connection with the 2016 Geography Bee.")

*See* Defs.' Resp. to Pls.' Mots. In Limine, Ex. C at 5, 6, 8.

Badlani's disclosures came nowhere near complying with Rule 26(a)(1)'s requirement to disclose the subjects of information on which she proposed to call these witnesses to testify.  They were essentially boilerplate, generic disclosures to the effect that the witnesses may have relevant information about the case, which falls far short of what Rule 26(a)(1) requires.  And particularly in light of Badlani's listing of some 60 witnesses, her disclosures provided nothing that would have clued plaintiffs in to the fact that these particular witnesses might have information whose relevance would make them stand out from the crowd in some way such that plaintiffs might actually anticipate they would be called, whether by Badlani or by some other defendant.  Thus Badlani's

disclosures of the 4 witnesses did not render defendants' nondisclosures either substantially justified or harmless.

Finally, defendants cite the proposition that plaintiffs knew who these witnesses were; that the names of some of them came up in discovery; and that defendants identified one of them in response to an interrogatory asking for identification of anyone Badlani had contacted regarding the case—stating that Traub had been cc'd on one or more e-mails from Badlani. But this does nothing to distinguish these 4 witnesses from the several dozen persons whose names likewise came up during discovery, and it did not reasonably provide to plaintiffs or their counsel anything that might give them an indication that defendants might call these particular witnesses to testify. That's what Rule 26(a)(1) disclosures are for.

The Court also notes that defendants' listing of these witnesses in the final pretrial order said nothing about the subjects on which defendants proposed to call them to testify. At the final pretrial conference, when this motion in limine was argued, the Court directed defendants to disclose this information but made clear that this would not cure any prior noncompliance with Rule 26(a)(1)—as it was far too late, at that point, to direct depositions of the four witnesses. Defendants provided disclosures that made it clear that at least some of the witnesses (Chun, Read, and Traub) likely would be cumulative of other witnesses whom defendants *did* properly disclose. Defendants also indicated that at least some of the testimony of some of the witnesses would be offered only for impeachment or what they referred to as "rebuttal." A witness who will be used *solely* for impeachment need not be disclosed under Rule 26(a)(1)(A)(i).[1] Thus defendants' failure to disclose these witnesses in a timely fashion does not preclude their use solely for impeachment—though the Court will carefully police any use of these witnesses to ensure that defendants do not attempt to use them for purposes that stray from the relatively narrow definition of that term. As far as "rebuttal" is concerned, there is no such exception under Rule 26(a)(1), as noted in the footnote. And this term

---

[1] There is no such exception for so-called "rebuttal" witnesses, and the Court also notes that Rule 26(a)(3)(A)(i) requires disclosure at least 30 days before trial of *all* witnesses—except those to be called "solely for impeachment"—that a party expects to or may call.

likewise has a relatively narrow definition. Any request to use any of these witnesses for so-called "rebuttal" will have to be disclosed in advance during the trial so that the Court can make sure that defendants are not attempting to bring in through the back door what they are precluded from bringing in through the front door due to their noncompliance with Rule 26(a)(1).

## Conclusion

  For the reasons stated above, the Court grants plaintiffs' motion in limine number 5, with the limited exceptions noted in this order.

Date: December 13, 2019

                _____
                MATTHEW F. KENNELLY
                United States District Judge