IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| A.J. and R.J., Minor Children, by RAHUL JULKA, their Father and Next Friend, RAHUL JULKA, and KOMAL JULKA | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-02849 |
| v. | ) ) | Hon. Judge Matthew Kennelly |
| Butler Illinois School District 53, et al., | ) ) ) | Magistrate Judge Susan Cox |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the Defendant, the Board of Education of Butler School District 53 ("the Board"), Kelly Voliva, Alan Hanzlik and Heidi Wennstrom, by and through their attorneys, Wiedner & McAuliffe, Ltd., and for their Motion for Judgment as a Matter of Law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, states the following:

## INTRODUCTION

Defendants move for judgment as a matter of law because Plaintiffs have failed to produce sufficient evidence to support a jury verdict in their favor. First, the Board is entitled to judgment as a matter of law because Plaintiff R.J. failed to present any evidence that: (1) he had any role in the grievance process initiated by his parents, (2) he was aware at any time of the alleged retaliatory acts such that a student in his position would be deterred from engaging in similar speech, (3) that any negative materials were inserted into his file, or (4) that the conduct would not have occurred if not for his grievance. Second, evidence of the Defendants' conduct individually, and in the case of the Board as a whole, does not rise to the level of extreme and outrageous conduct necessary to be actionable on Plaintiffs' IIED claims. Third, the evidence is

1

insufficient as a matter of law to establish that any one of the Plaintiffs suffered severe emotional distress as a result of the Defendants' conduct. As such, Defendants are entitled to judgment as a matter of law pursuant to Rule 50(a) on all remaining Counts of Plaintiffs' Amended Complaint.

## LEGAL STANDARD

A judgment may be entered as a matter of law if a party has been fully heard on an issue during a jury trial and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. Fed. R. Civ. P. 50(a). The evidence must be viewed in the light most favorable to the non-moving party and the Court must determine whether the evidence is sufficient to sustain a verdict in favor of the non-moving party. *Hammond Group, Ltd. V. Spalding & Evenflo Companies, Inc.*, 69 F.3d 845, 848 (7th Cir. 1995). A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2).

## ARGUMENT

I. **The evidence is insufficient as a matter of law for a reasonable jury to find in favor of Plaintiffs as to their First Amendment Retaliation claim against the Board of Education.**

    A. **The evidence is insufficient as a matter of law that the Board created or inserted any negative materials into his student file.[1]**

This Court should enter judgment for the Board as a matter of law because there is insufficient evidence that any documents were created or inserted into R.J.'s student file. Rather, the testimony from Defendants was unrebutted and establishes that the "negative materials" always existed and were entitled or permitted to be there under the Illinois School Student Records Act. Plaintiff counsel's questioning of Kelly Voliva about the "blue slip" demonstrates this point. Plaintiff's counsel showed Mrs. Voliva two copies of the front page of the blue slip,

---

[1] Defendants note that the Plaintiffs have withdrawn their claim that the Board conducted an allegedly biased investigation.

one that was produced by the School, which contained a bates label at the bottom right of the page, and one that was not produced by the School in this litigation, which did not contain a bates label. The document with the bates label cut off the majority of an arrow that Mrs. Voliva had written on the bottom right of the page, which was visible in the copy that was not produced in this litigation. It is clear that this is what occurred from even a cursory review of the two documents, and yet, Plaintiff R.J.'s attorney went to great lengths to try to show that this was evidence of some nebulous scheme by the School to create "negative" documents. This argument establishes that the only "support" Plaintiff R.J. is conjecture.

**II.   Each Defendant is entitled to judgment as a matter of law on Plaintiffs' IIED claims because the evidence is insufficient to establish any Defendant's conduct was extreme and outrageous.**

Under Illinois law, to succeed on a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant's conduct was extreme and outrageous. *Sabol v. Walter Payton Coll. Prep. H.S.*, 804 F. Supp. 2d 747, 758 (N.D. Ill. 2011). Extreme and outrageous behavior must be conduct "that goes beyond all possible bounds of decency." *Hearon v. City of Chicago*, 157 Ill.App.3d 633, 637 (1st Dist. 1987). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id*; Restatement (Second) of Torts § 46 cmt. d (1965). When a defendant in an action for emotional distress is accused of improperly using a position of power or authority, courts view this allegation in conjunction with another significant consideration: whether the defendant reasonably believed that his objective was legitimate. *McGrath v. Fahey*, 126 Ill. 2d 78, 88 (1988); *e.g. Gibson v. Chemical Card Services, Corp.*, 157 Ill. App. 3d 211, 219 (1st Dist. 1987).

## A. Kelly Voliva

When considered individually, Voliva's alleged conduct plainly does not go "beyond all possible bounds of decency." Voliva's role in the Geo Bee cheating investigation was limited to early fact-finding, but at no time did Voliva make decisions regarding the investigation, sanctions to be imposed on Plaintiffs, or the extent to which the community would be notified of the results of the investigation. Nor did Voliva have any deciding role in any other actions allegedly giving rise to the Plaintiffs' claims. To the extent Plaintiffs claim she mishandled the incident with the substitute teacher, the evidence shows that she was acting reasonably and in furtherance of the School's legitimate interest in investigating a very serious allegation. Regardless of her personal belief that R.J. was not actually struck, the evidence proves only that she continued to take the accusation seriously and handled it in accordance with Illinois law: she contacted DCFS (who found the allegation to be unfounded) and cooperated with the police investigation. Accordingly, Voliva is entitled to judgment as a matter of law on Plaintiffs' IIED claims because no reasonable jury could find her individual conduct to be extreme and outrageous.

## B. Alan Hanzlik

Hanzlik's individual conduct is also insufficient to rise to the level of extreme and outrageous. The testimony regarding Hanzlik has been limited to his role in responding to the grievance filed by the Julkas. Plaintiff counsel's questioning of Hanzlik focused on attempted to establish that Hanzlik's only concern was for the reputation of the District and the burden imposed on the taxpayers. However, Mr. Hanzlik testified that it was part of his job, as Board President, to uphold the integrity of the District and address financial issues that would impact

the community. Thus, it can hardly be said that carrying out his obligations owed to the District community amounts to intentional infliction of emotional distress.

Moreover, the unrebutted evidence is that Hanzlik went above and beyond the requirements of the District's Uniform Grievance Process (UGP). For example, under the UGP, the investigation of the grievance could have been assigned to a subordinate of Superintendent Wennstrom. Similarly, the UGP does not require any resolution meeting, let alone one presided over by a neutral mediator. It is unclear how the Plaintiffs' perception of bias in the investigation initiated by Hanzlik could be deemed by any reasonable jury as extreme and outrageous. Accordingly, judgment as a matter of law is proper as to all Plaintiffs.

Judgment for the Board is also merited because there is no evidence of a biased grievance. Instead, the Board took additional and unrequired measures to try to ensure that the process was fair to R.J. Alan Hanzlik testified that he could have appointed anyone, even a subordinate to Dr. Wennstrom, to review her initial investigation. He did not do that because he wanted to be sure that the School conducted a fair and impartial investigation. The fact that an attorney from a firm the District previously retained performed the investigation, she testified that she was under no pressure to reach a certain conclusion. She interviewed eleven people and considered hundreds of documents, which took her over a month to complete. Her 30 page, singled spaced report shows careful consideration of the evidence. After she presented that report to the Board, they deliberated and decided to uphold the restrictions on R.J. Importantly, this Court has previously found that there is no protected right in the grievance process.

Accordingly, R.J. has failed to establish that the Board's conduct would deter a similarly situated student because he has failed to present any evidence to the jury that he even knew of the adverse acts allegedly taken against him. Judgment for the Board is also warranted because

5

there is no evidence that negative materials were created or inserted or that the grievance or investigation was handled unfairly.

### C. Heidi Wennstrom

Superintendent Wennstrom is entitled to judgment as a matter of law because there is insufficient evidence that she engaged in any conduct sufficient to support an IIED claim. All of her actions were in furtherance of the School's legitimate objective of caring for and educating all students. Plaintiffs claim she should not have restricted the family from extra-curricular contests. Even if Plaintiffs' testimony about this issue is accepted, at most the family was restricted from a privileged activity for approximately one year and three months during elementary school. They were not denied an education, and it was Mrs. Julka's own conduct that prompted this restriction to be put in place. This, and the other undefined conduct Plaintiffs complain of, is insufficient as a matter of law to establish intentional infliction of emotional distress.

### D. The Board of Education

Unlike the individual Defendants, the Board of Education is potentially liable for the acts of each of the other Defendants. Nonetheless, the evidence presented at trial is insufficient to establish that the Board of Education, through its agents and employees, intended to or recklessly caused Plaintiffs severe emotional distress. For the reasons stated above, judgment as a matter of law should be entered for the Board.

### III. The evidence is insufficient as a matter of law for a reasonable jury to find that any of the Plaintiffs suffered severe emotional distress.

In Illinois, emotional distress alone is not sufficient to give rise to a cause of action. *Wordlow v. Chi. Bd. of Educ.*, 2018 U.S. Dist. LEXIS 199701, 38 (N.D. Ill. November

26, 2018). It must be severe. *Id*. The emotional distress suffered by the plaintiff must be such that no reasonable man could be expected to endure it. *Rekosh v. Parks*, 316 Ill. App. 3d 58, 67 (2d Dist. 2000). Emotional distress includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. *Bianchi v. McQueen*, 2016 IL App (2d) 150646, P86. It is "only where it is extreme," however, "that the liability arises." *Wordlow*, 2018 U.S. Dist. LEXIS 199701 at 38 (quoting Restatement (2d) of Torts Sec. 46, cmt. i). The intensity and duration of the distress are factors to be considered in determining its severity. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277 (2003).

Plaintiffs' testimony may be sufficient to establish that they experienced some emotional distress but none of them provided testimony that comes even close to establishing that their distress was severe such that no reasonable person could be expected to endure it. Specifically, they testified to feelings of shame, embarrassment, and worry. However, that alone is insufficient to be actionable. Moreover, Plaintiffs did not provide testimony that their feelings were particularly intense or of such a long duration to change that outcome. The evidence is insufficient to establish that Plaintiffs suffered severe emotional distress as to any Defendant. *Williams v. City of Chi.*, 2018 U.S. Dist. LEXIS 145107, 34-36 (N.D. Ill. Aug. 27, 2018). Accordingly, Defendants are entitled to judgment as a matter of law on R.J.'s intentional infliction of emotional distress claim.

## CONCLUSION

For the foregoing reasons, the Board of Education of Butler School District 53, Kelly Voliva, Alan Hanzlik and Heidi Wennstrom request this Court enter judgment in their favor pursuant to Rule 50 of the Federal Rules of Civil Procedure and for all other relief this Court deems just.

7

Respectfully submitted,

**BOARD OF EDUCATION OF BUTLER SCHOOL DISTRICT 53, ALAN HANZLIK HEIDI WENNSTROM and KELLY VOLIVA**

/s/ Darcy L. Proctor_____
One of the Attorneys for Defendants

Darcy L. Proctor – ARDC #6199731
dlproctor@wmlaw.com
Rachel S. Nevarez –ARDC # 6304120
rsnevarez@wmlaw.com
Kelly N. Flavin –ARDC # 6325621
knflavin@wmlaw.com
Wiedner & McAuliffe, Ltd.
1 N. Franklin Street, Suite 1900
Chicago, Illinois 60606
P: (312) 855-1105
F: (312) 855-1792

## CERTIFICATE OF SERVICE

I, Darcy L. Proctor, certify that I electronically filed **DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of the Court using the CM/ECF system on December 19, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearances will receive this notice via regular e-mail. Parties may access this filing through the Court's electronic system.

/s/ Darcy L. Proctor_____